Per Curiam.

Petitioner’s primary contention is that he was denied the effective assistance of counsel. He contends that his counsel represented him in a manner contrary to his wishes. Petitioner bases this argument on his own statement that counsel entered the plea of guilty for him contrary to his wishes. Competence of counsel is not cognizable in a habeas corpus proceeding but must be raised on appeal. Gallagher v. Maxwell, Warden, 175 Ohio St., 440. However, petitioner’s argument is completely refuted by the trial transcript made at the time the guilty plea was entered. As shown by this transcript, the court asked petitioner personally whether he desired to change his plea, and petitioner himself stated, “yes,” and entered a plea of guilty. Thus, as a matter of fact, petitioner, not his attorney, entered the plea.
Next, petitioner contends that he was denied due process on the ground that the trial judge was under a disability. To substantiate this point, petitioner, assuming his statement is correct, would have to indicate in what manner the disability of the judge affected petitioner’s conviction. There is nothing in the record which would indicate that petitioner was denied any of his rights.
Finally, petitioner urges that his conviction was void because he was arrested without a warrant. It is well established *417 that the validity of an accused’s conviction is not affected by the regularity of the process by which he was apprehended. Brown v. Maxwell, Warden, 174 Ohio St., 29; Jetter v. Maxwell, Warden, 176 Ohio St., 219; and Wells v. Maxwell, Warden, 174 Ohio St., 198.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.